[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant Michael F. Grannen was convicted in 1975 of armed robbery, kidnapping, rape, and possession of a dangerous ordnance. He was sentenced to five to twenty-five years' incarceration on the first three offenses, with the terms to be served consecutively, and to six months' incarceration for the fourth offense, to run concurrently with the other sentences. In April 2000, twenty-five years into his confinement, Grannen was ordered to be returned from the penitentiary for a hearing to determine if he should be classified as a sexual predator. At that hearing, the trial court found Grannen to be a sexual predator and entered judgment accordingly. From that judgment, Grannen has appealed.
The facts underlying the 1975 convictions were that Grannen robbed a convenience store at gunpoint and took a store clerk hostage. During the robbery, Grannen flourished and actually fired a burst from a submachine gun. Then Grannen forced the clerk into his car and forced her to perform fellatio on him as he drove. The clerk was injured when she leapt from Grannen's car on an interstate highway.
The record before the court included the report from the institution where Grannen was incarcerated, as well as four psychological evaluations of Grannen, three dating back to 1975 and a more recent one from 1992. The trial court noted that, while it had considered the psychological evaluations from 1975, it would give the reports limited weight because the reports were twenty-five years old. The court gave greater weight to the 1992 psychological evaluation, which related that Grannen's ability to survive in an unstructured setting was doubtful in that he had a history of dangerous actions toward himself and others caused by a bizarre delusional system. The report suggested that Grannen had difficulty differentiating between fantasy and reality and, most significantly, that Grannen "is an untreated sex offender and this examiner cannot rule out social risk."
The record before us makes clear that the trial court considered the statutory factors from R.C. 2950.09 in making its determination that Grannen is a sexual predator. The court fully considered Grannen's mental illness and disability, the nature of his sexual conduct with the victim in forcing her to perform fellatio while Grannen was driving, and Grannen's threats and display of cruelty toward the victim. The court further referred to the additional behavioral characteristics that contributed to Grannen's conduct, including his impulsive behavior and past alcohol abuse.
We conclude that the state's evidence was sufficient to support the trial court's finding that Grannen is likely to commit another sexually-oriented offense. Therefore, the judgment of the court of common pleas adjudicating Grannen a sexual predator is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Painter, P.J., Sundermann and Winkler, JJ.